**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4402**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

GARY ANTONIO JONES,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Deborah K. Chasanow, Senior District Judge. (8:14-cr-00176-DKC-1)

Submitted: March 31, 2016          Decided: May 19, 2016

Before NIEMEYER, AGEE, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Marc Gregory Hall, LAW OFFICES OF MARC G. HALL, P.C., Greenbelt, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Joseph R. Baldwin, Mara Zusman Greenberg, Assistant United States Attorneys, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gary Antonio Jones was convicted by a jury of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2012), and was sentenced to 96 months' imprisonment. On appeal, Jones argues that the district court erred by denying his three motions to suppress evidence, considering certain information at his sentencing hearing, and applying a two-level sentencing enhancement for obstruction of justice. We affirm.

When considering the denial of a motion to suppress, we review the district court's legal conclusions de novo and its factual findings for clear error. United States v. McGee, 736 F.3d 263, 269 (4th Cir. 2013). Because the district court denied Jones' suppression motion, we construe the evidence in the light most favorable to the Government, id., and defer to the district court's credibility findings, United States v. Patiutka, 804 F.3d 684, 689 (4th Cir. 2015).

First, Jones asserts that the district court erred in denying his motion to suppress evidence seized from his vehicle, arguing that the ATF agents' actions exceeded the scope of the traffic stop. Crediting the testimony of the ATF agents, which included testimony that an agent asked Jones to exit the car in order to investigate the odor of alcohol, the district court determined that the stop was reasonable. We find that Jones'

conclusory, unsupported assertions to the contrary fail to establish that the district court's decision was clearly erroneous.

Jones also contends that the district court erred in denying his motion to suppress recordings of statements he made while seated in the back of a police vehicle. In order to succeed on this motion, Jones was required to show that he had a subjective expectation of privacy in the police vehicle and that this expectation was objectively reasonable. United States v. Bynum, 604 F.3d 161, 164 (4th Cir. 2010). The district court determined that, although Jones had a subjective expectation of privacy when he made the statements, this expectation was not objectively reasonable, given that Jones knew he was in a police vehicle and could see radio and electronic equipment in the vehicle. We discern no error in the district court's analysis.

Jones asserts that the district court erred in denying his motion to suppress the statements he made during his interview at the police station. Jones claims that he made the incriminating statements after involuntarily waiving his Miranda* rights. Our review of the record leads us to conclude that the district court did not clearly err in finding that the officers provided a full and complete recitation of Jones' Miranda rights

---

* Miranda v. Arizona, 384 U.S. 436 (1966).

and exhibited no coercive conduct. Accordingly, we reject Jones' contention that his <u>Miranda</u> waiver was involuntary.

Next, Jones contends that the district court erred in considering, and the Government erred in making, certain arguments at sentencing. Because Jones was the party who first raised the challenged subject, we conclude that any error from the court's consideration of this material was invited. <u>United States v. Jackson</u>, 124 F.3d 607, 617 (4th Cir. 1997). Jones has not demonstrated any extraordinary circumstances and this argument is therefore waived. <u>United States v. Hickman</u>, 626 F.3d 756, 772 (4th Cir. 2010).

Finally Jones asserts that the district court erred in applying a two-level enhancement for obstruction of justice based on Jones' perjured testimony at trial. Because Jones did not object to the enhancement, this court's review is for plain error. <u>United States v. Lynn</u>, 592 F.3d 572, 577 (4th Cir. 2010). We conclude that Jones fails to demonstrate such error. Contrary to Jones' assertion, the district court made a sufficient explanation of its perjury finding, as required by <u>United States v. Dunnigan</u>, 507 U.S. 87, 94-95 (1993).

Accordingly, we affirm Jones' conviction and sentence. We dispense with oral argument because the facts and legal

4

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED